DURNFORD
ve.
PARKRR &
AB.

*Hennen* for the plaintiff—*Seghers* for the defendants.

---

### DESBOULETS vs. GRAVIER.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The plaintiff states that he sold to the defendant, a schooner named the Francisco for 600 dollars. That he took possession of her, and detained her for a considerable time, during which she became rotten and unfit for any use whatever; and that he refused to pay for her, although he acknowledged at the time he was the owner and possessor.

He further states that the defendant, by taking possession of the schooner, and by suffering her to become rotten and unfit for any use whatever, prevented the petitioner from selling or making any use of her. He concluded by praying judgment for $800.

The defendant pleaded *res judicata,* and a

Judgment on a suit for the price of a vessel, forms no *res judicata* as to a suit for damages occasioned by the illegal detention.

general denial of all the allegations in the petition.

The petition in the present suit is very loosely drawn up. It states the plaintiff *sold* the schooner to the defendant, who, by detaining her, prevented the plaintiff from *selling* her, or making any use of her. If the first assertion were true, the defendant did not commit any injury to the plaintiff by preventing him from selling her again, or from making use of her. And if she were the property of the former, he could not be liable to the latter for the manner in which he took care of her.

The petition on which the plea of *res judicata* was offered, states that the plaintiff sold the schooner to the defendant, and that altho' often requested, he had refused to pay the price. On this petition, and the issue joined on it, there was judgment for the defendant. *See vol.* 2, *n. s.* 142.

We do not think the plea of *res judicata* sustained. In the first suit the demand was for the price of the vessel. Here, so far as we can gather any thing from the petition, the claim set up is for the detention of the vessel. If the defendant, in his answer, had acknowledged all the facts in the petition, and averred

that by law they furnished no cause of action, we are inclined to think judgment must have been rendered in his favour, but he chose to join issue on the merits, and admit the plaintiff's testimony without opposition; the case must therefore be decided on the proof adduced.

The cause was submitted to a jury in the court below, who found a verdict in favour of the plaintiff for $741 and 25 cents.

It will be seen, by reference to the report of the former case, that the parties agreed as to the price of the schooner, and that she was delivered to the defendant; but it being a part of the contract that the sale should be reduced to writing, the court was of opinion either party had a right to retract, until the writing was passed; and that the sale not being complete, the plaintiff could not recover.

This suit has grown out of the possession thus obtained by the defendant. The plaintiff has introduced proof that while the schooner was in possession, she was so injured as to be of no value. The jury were judges of the weight of the evidence, and we do not feel at liberty to disturb the verdict.

DESBOULETS
*vs.*
GRAVIER.

It is therefore ordered, adjudged and decreed that the judgment of the parish court be affirmed with costs.

*Derbigny* and *Quemper* for the plaintiff—*Young* for the defendant.